UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIRAH BLACKMAN,

               Plaintiff,

-against-

US MARSHAL; FBI YONKERS POLICE;
YONKERS FAMILY COURT; WHITE
PLAINS FAMILY COURT; US ATTORNEY
GENERAL WHITE PLAINS; US ATTORNEY
28 LIBERTY ST NEW YORK,

               Defendants.

25-CV-915 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action against federal and state defendants alleging that her rights have been violated. By Order dated February 6, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the following reasons, the Court dismisses the action and grants Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff brings this action against (1) four federal defendants – the U.S. Marshals, "FBI Yonkers Police," "US Attorney General White Plains," and "US Attorney 28 Liberty Street New York"; and (2) two state defendants, the Yonkers Family Court and the White Plains Family Court.  She uses a court-issued complaint form to assert her claims against Defendants, as well as against an individual named Jamal, although she does not add this individual to the caption of the complaint.  Throughout the complaint, however, her allegations concern Jamal's alleged conduct and Defendants' alleged failure to protect her from him.  Plaintiff writes, in handwritten fragmented sentences, "[h]e attempted murder on my life . . . wiretapping . . . illegally stalking tracking phone hacking, rape molestation fraud landlords giving my house keys to a federal worker[.]"[1]  (ECF No. 1 at 2.)  Plaintiff states that an unidentified Defendant placed a "tracking monitor in [her] body" and that she was subjected to "gang sta[l]king me in and out of state

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

invasion of privacy only neighbor they let him abuse me for 5 years every day and night." (*Id.*) Plaintiff alleges that she has "been begging for help they refuse to arrest him for the crime he committed for 5 years against me ignored abused everyday separated from my son because of police brutality corruption [] hiding the truth." (*Id.* at 5.)

In the relief section of the complaint, Plaintiff writes, "due to corrupt judges lawyers doctors government workers he has over 200 cars lawyers and truck surrounding my house everywhere I go.  He pays people to harass." (*Id.* at 6.)  Plaintiff declares that she is "innocent" and she "want[s] my peace back the abuse harassment stops." (*Id.*)

## DISCUSSION

A. **Federal Defendants**

Plaintiff brings this action against the U.S. Marshals, an FBI office located in Yonkers, and two United States Attorney's Offices, one in White Plains and the other in Manhattan. These defendants are immune from liability under the doctrine of sovereign immunity.  This doctrine bars federal courts from hearing all suits against the federal government, including any suits against any branch or part of a branch of the federal government, except where sovereign immunity has been waived.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff does not allege that the doctrine of sovereign immunity has been waived with respect to any claims against the above-mentioned federal government defendants.  Even if Plaintiff seeks to assert a claim against individuals employed by these federal government

3

defendants, for their failure to protect her, such a claim cannot succeed because there is no federal constitutional duty that requires a government official to investigate or protect an individual from harm, except in rare circumstances not present here. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *see, e.g.*, *Gong v. Sarnoff*, No. 23-CV-343, 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) (Liman, J.) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody. Also, [i]t is well established that [t]here is no constitutional right to an investigation by government officials." (internal quotation marks and citations omitted, alterations in original)).

The Court therefore dismisses Plaintiff's claims against these defendants under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     State Defendants**

Plaintiff brings claims against two state courthouses, Yonkers and White Plains, possibly related to family court proceedings. These defendants, however, are immune from liability under the Eleventh Amendment of the United States Constitution.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). (internal quotation marks, alterations and citation omitted.) "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (alteration and citation omitted.) New York State has not waived its Eleventh Amendment immunity from suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).

Plaintiff's Section 1983 claims against the Yonkers and White Plains Family courthouses, both effectively arms of the State of New York, are barred by the Eleventh Amendment and therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

C.     **Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Plaintiff complains that an individual, Jamal, has harmed her over the past five years, possibly, *inter alia*, in family court proceedings. Because the complaint does not state facts in a clear and concise manner, however, the Court cannot determine whether Plaintiff will be able to state a claim on those facts. The complaint therefore does not comply with Rule 8. Accordingly, the Court grants Plaintiff 30 days' leave to file an amended complaint that complies with Rule 8. Should Plaintiff believe that her rights have been violated, she may amend her complaint to assert claims against a named defendant.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend her complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of sovereign immunity and the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this action open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 19, 2025
       New York, New York

                                            /s/ Kimba M. Wood
                                            KIMBA M. WOOD
                                            United States District Judge